UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN NEIL GASSEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-01023 (UNA) |
| | ) | |
| DEPARTMENT OF THE TREASURY, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor

meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Plaintiff, a prisoner currently designated to the United States Penitentiary located in Thompson, Illinois, sues the United States Department of Treasury. The prolix complaint totals approximately 100 pages. Some of the pages are entirely incomprehensible. The remainder of the complaint ranges in topics, including, but not limited to his: criminal prosecution, finances and property, birth certificate and identity, and civil litigation before other federal and state courts. Plaintiff ruminates at length about a number of sources of legal authority, including, but not limited to: the Freedom of Information Act, habeas corpus, maritime law, amendments to the constitution, common law, and both civil and criminal federal statutes. The complaint also appears to be an amalgamation of both current and prior pleadings filed before myriad courts. It appears that what plaintiff is seeking is his release from custody, but it is entirely unclear what relevance, if any, the Department of Treasury has to this request for relief.

The complaint fails to meet the minimum pleading standard set forth in Rule 8(a). The ambiguous and rambling allegations comprising the complaint fail to provide adequate notice of a claim. The causes of action, if any, are completely undefined. The pleading also fails to set forth allegations with respect to this court's jurisdiction, or a valid basis for relief. Therefore, the court will dismiss the complaint pursuant to U.S.C. § 1915A(b)(1). An order consistent with this memorandum opinion is issued separately.

_____/s/_____
AMY BERMAN JACKSON
United States District Judge

Date: April 28, 2020